UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ALEXANDER O. CRITTENDEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:24-cv-356-GMB |
| WALGREEN CO., *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Alexander O. Crittenden filed a *pro se* complaint against Defendants Walgreen Co. and Walmart, Inc. in the Circuit Court of Tuscaloosa County, Alabama. Doc. 1-1 at 8–11, 16–21. Walgreen removed the complaint to this court with Walmart's consent. Docs. 1, 3. The defendants filed separate motions to dismiss. Docs. 2, 6. The motions are fully briefed (Docs. 2, 6, 12, 13) and ripe for decision. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. 11. For the following reasons, the motions are due to be granted.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." That rule must be read together with Rule 8(a), which requires that a pleading contain only a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Similarly, Rule 10(b) requires "numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense." The "self-evident" purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that . . . his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quotation marks and citation omitted).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right

to relief above the speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010). "A district court has the inherent authority to control its docket and ensure the prompt resolutions of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks and citation omitted); *see also Jackson v. Bank of Am.*, 898 F.3d 1348, 1357 (11th Cir. 2018). However, the pleading party should have at least one chance to remedy deficiencies before a court dismisses claims with prejudice on shotgun pleading grounds. *Vibe Micro, Inc.*, 878 F.3d at 1295; *Jackson*, 898 F.3d at 1358.

## II. FACTUAL BACKGROUND

As best the court can tell by the short, handwritten complaint, Crittenden claims that sometime in 2021 he went to the Emergency Room for "excruciating pain" and received a prescription for pain medication. Doc. 1-1 at 9. He visited a pharmacy operated by Walgreen, but the pharmacist "refused to fill the prescription

for no reason." Doc. 1-1 at 9.

Crittenden then took the prescription to Walmart. Doc. 1-1 at 9. The Walmart pharmacist told him that his emergency room physician told the pharmacist to destroy the prescription. Doc. 1-1 at 10. The pharmacist also claimed that Crittenden "had multiple narcotic prescriptions from multiple prescribers, which was a blatant lie." Doc. 1-1 at 10. Crittenden claims that the Walmart pharmacist, who also worked at the Good Samaritan Clinic, had a "vendetta" against him. Doc. 1-1 at 10. He requests damages in the form of "$2.5 million for intentional infliction of emotional distress, disability discrimination, and race discrimination." Doc. 1-1 at 10.

When he filed his complaint in this case, Crittenden attached a copy of a complaint he filed in a previous lawsuit in this court.[1] Doc. 1-1 at 16–21. That complaint addresses the same events in the current lawsuit but adds a few more details. In the earlier complaint, Crittenden alleged that "[a]round the beginning of October 2021," he went to the emergency room was prescribed pain medication. Doc. 1-1 at 17. He took the prescription to Walmart, where "the pharmacist took it upon herself and called the hospital to discuss [his] medical history" and "lied to the

---

[1] The court dismissed the prior complaint without prejudice. *See Crittenden v. Walmart Neighborhood Market, et al.*, 7:22-cv-988-ACA. The court may take judicial notice of certain documents when it addresses a motion to dismiss, including notice of another court's order. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted).

4

doctor about [his] medical history" in the process. Do. 1-1 at 17–18.  When Crittenden called the pharmacy to see when his prescription would be ready, the pharmacist told him that the doctor said to tear up the prescription. Doc. 1-1 at 18. Crittenden contended that the pharmacist's call to the hospital was "a violation of HIPA[A] laws, invasion of privacy and defamation of [his] character," and that is was "discriminatory based on [his] race, sex, and disability." Doc. 1-1 at 18.

Crittenden also alleged that the situation with Walmart "was in retaliation of my experience with Walgreen[]." Doc. 1-1 at 18–19.  He explained that someone at the Walgreen pharmacy told him to pick up his prescription on a particular day in early 2021, but the pharmacist refused to fill the prescription when he arrived. Doc. 1-1 at 19.  He contacted Walgreen's corporate office to make a complaint and ultimately got his prescription filled. Doc. 1-1 at 19.  Afterwards, the Walgreen pharmacist called Crittenden's doctor and complained that he called her "cursing" was "extremely aggressive" about his medication. Doc. 1-1 at 19.  Crittenden again called Walgreen's corporate office to complain. Doc. 1-1 at 19–20.  He alleges that since that time, Walgreen "has used drastic discriminatory actions against" him— from refusing to fill his prescriptions to requiring him to pick up his prescriptions on separate days. Doc. 1 at 20–21.

### III. DISCUSSION

The complaint does not delineate the claims Crittenden brings against each

5

defendant.  However, liberally construing the complaint, the court concludes that Crittenden is attempting to state the following claims: (1) a Health Insurance Portability and Accountability Act ("HIPAA") violation against Walmart; (2) intentional infliction of emotional distress against both defendants; and (3) disability and race discrimination against both defendants.  The court addresses each claim below.

**A.     HIPAA Claim**

HIPAA generally prohibits wrongful disclosure of an individual's identifiable health information without the individual's consent. *See* 42 U.S.C. § 1320d.  The statute, however, does not expressly create a private right of action and charges the Secretary of the Department of Health and Human Services with the enforcement of the Act. *See* 42 U.S.C. § 1320d-5(d).  Congress must create "private rights of action to enforce federal law." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  And the "express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Id.* at 290.

In *Laster v. CareConnect Health, Incorporated*, 852 F. App'x 476, 478 (11th Cir. 2021), the Eleventh Circuit affirmed the dismissal of a claim for relief under HIPAA and explained that the statute neither expressly nor impliedly creates a private right of action.  The Eleventh Circuit acknowledged that this conclusion is consistent with the decisions of every other circuit that had considered the issue. *Id*.

(collecting cases). Accordingly, based on the clear language of the statute and the Eleventh Circuit's opinion in *Laster*, any claim in Crittenden's complaint based on a violation of HIPAA does not state a claim upon which relief may be granted.

**B.      Intentional Infliction of Emotional Distress**

Under Alabama law, the statute of limitations for a claim of intentional infliction of emotion distress, also known as the tort of outrage, is two years. *Archie v. Enterprise Hosp. & Nursing Home*, 508 So. 2d 693, 695 (Ala. 1987); *see also* Ala. Code. § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). All of the defendants' alleged actions occurred in 2021. *See* Doc. 1-1 at 8–11, 16–21. But Crittenden filed his complaint in the Circuit Court of Tuscaloosa County, Alabama on January 8, 2024. Doc. 1-1 at 5–11. Because more than two years elapsed after the facts supporting Crittenden's claims for intentional infliction of emotional distress, these claims are barred by the statute of limitations.

Moreover, even if the complaint was timely, these claims would fail as a matter of law. To establish a claim for the intentional infliction of emotional distress in Alabama, a plaintiff must demonstrate: "(1) that the defendants either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from their conduct; (2) that the defendants' conduct was extreme and

outrageous; and (3) that the defendants' conduct caused emotional distress so severe that no reasonable person could be expected to endure it." *Callens v. Jefferson County Nursing Home*, 769 So. 2d 273, 281 (Ala. 2000) (citing *Jackson v. Ala. Power Co.*, 630 So. 2d 439 (Ala. 1993); *Am. Road Serv. v. Inmon*, 394 So. 2d 361 (Ala. 1980)). The Alabama Supreme Court has recognized tort-of-outrage claims only in extreme circumstances such as "(1) wrongful conduct in the family-burial context, (2) barbaric methods employed to coerce an insurance settlement; and (3) egregious sexual harassment." *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000) (citations omitted); *Callens*, 769 So. 2d at 281 (citing *Thomas v. BSE Industry Contr., Inc.*, 624 So. 2d 1041 (Ala. 1993)). Although the Alabama Supreme Court has "not held that the tort of outrage can exist in only those three circumstances," *Wilson v. Univ. of Ala. Health Serv. Found., P.C.*, 266 So. 3d 674, 677 (Ala. 2017) (emphasis omitted), Crittenden's allegations do not come close to the level of outrageous conduct Alabama law requires. Accordingly, even if they were not time-barred, these claims would be dismissed for Crittenden's failure to state a claim.

C. **Disability and Race Discrimination**

The complaint does not contain any factual allegations about disability or race discrimination. Instead, Crittenden generally asserts that he seeks damages based on disability and race discrimination. Doc. 1-1 at 10. In the previously dismissed federal complaint, Crittenden alleged that Walgreen and Walmart used

"discriminatory actions" (Doc. 1-1 at 18, 20) and that one of the pharmacist's actions were "discriminatory based on . . . race . . . and disability." Doc. 1-1 at 18.  Even considering these additional facts, Crittenden has not stated a claim for relief.

To state a claim, a plaintiff need not provide "detailed factual allegations" but must plead more than an "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).  Here, Crittenden's conclusory allegations about race, sex, and disability discrimination are "naked assertion[s]" without sufficient "factual enhancement." *Twombly*, 550 U.S. at 557. Crittenden has not provided the court with any material facts supporting his claims for race and disability discrimination.  He has not described his disability or even stated the races of the individuals involved.  And he has not identified the laws or statutes supporting these claims.  The complaint does not state a claim based on its generic and unexplained allegations of race and disability discrimination.

**D.    Leave to Amend**

Although many of the allegations of the complaint are insufficient, a district court's discretion to dismiss a complaint without granting leave to amend "is severely restrict[ed]" by Federal Rule of Civil Procedure 15(a), "which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal quotation marks and citation omitted).  Where a more carefully drafted pleading might state a viable claim, a

district court should allow the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). However, a district court need not allow an amendment where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies" through prior amendments; (2) amending the complaint would prejudice the opposing party; or (3) "amendment would be futile." *Id*.

The court finds that it would be futile to attempt to amend the following claims because no set of facts would state a viable cause of action: (1) violation of HIPAA and (2) intentional infliction of emotional distress. However, the court will give Crittenden the opportunity to attempt to state claims for disability and race discrimination.

When amending his complaint, Crittenden should take note of his obligations under the Federal Rules of Civil Procedure. As explained above, Rule 8 requires that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." And Rule 10 requires that a complaint contain "numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Crittenden's amended complaint must clearly set forth the facts concerning any incident about which he complains in separately numbered paragraphs. The amended complaint must contain a separate count for each claim that contains a

factual basis for that claim only. Each count should identify: (1) the specific defendant(s) against whom the claim is asserted and (2) the statute or law under which the claim is brought. In addition, he must (1) identify each defendant he alleges participated in the violation of his rights; (2) describe what each defendant did that amounted to a violation of his rights; (3) state when and where the incidents underlying the violation of his rights occurred; (4) describe how the acts or omissions of each defendant resulted in harm to him; (5) identify the nature of that harm (for example, loss of money, income, or property, bodily injury, or interference with his right to engage in or refrain from some activity); and (6) state the specific relief he seeks from each defendant (for example, compensatory or punitive damages or some form of injunctive relief, including any request for attorneys' fees, costs, and expenses).

Finally, the amended complaint must be an entire stand-alone complaint and must set forth each and every allegation and claim without reincorporating allegations and claims from any other pleading. The court will not permit Crittenden to resurrect claims dismissed with prejudice by this order.

## IV. CONCLUSION

For these reasons, it is ORDERED that the Motions to Dismiss (Docs. 2, 6) are GRANTED as follows:

1. Crittenden's claims for a HIPAA violation and intentional infliction of

emotional distress are DISMISSED with prejudice.

2. Crittenden's claims for disability and race discrimination are DISMISSED without prejudice and with leave to refile.

3. Crittenden is ORDERED to file his amended complaint on or before **July 12, 2024**. Failure to file an amended complaint by this deadline will result in the dismissal of this action for failure to state a claim and failure to prosecute.

The Clerk of Court is DIRECTED to mail a copy of this order and a blank copy of the court's *pro se* general complaint from to Crittenden at his address of record.

DONE and ORDERED on June 21, 2024.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE